In a class action, inter alia, for a judgment declaring that certain membership campground contracts are void and unenforceable as contrary to public policy pursuant to General Business Law § 659, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated August 13, 2002, which granted the motion of the defendants Rank America, Inc., Resorts USA, Inc., and Outdoor World Corpora *394 tion pursuant to CPLR 904, 907 and 3126 for a protective order and denied their cross motion, among other things, to strike the answer of those defendants, and (2) so much of an order of the same court dated May 12, 2003, as denied their motion pursuant to CPLR 903 to define the certified class.
Ordered that the order dated May 12, 2003, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an order pursuant to CPLR 903; and it is further,
Ordered that the order dated August 13, 2002, is modified by deleting the provision thereof granting the respondents’ motion for a protective order; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for reconsideration of the motion in light of the entry of the order pursuant to CPLR 903.
This action, which was commenced in 1998, has been the subject of prior appeals. As a result of one of those appeals, in a decision and order dated June 5, 2000, this Court reversed an order of the Supreme Court, Queens County, and granted the plaintiffs motion for class action certification pursuant to CPLR article 9, stating that “[t]he appellants have demonstrated that a class action is a superior method for securing redress for all New York State residents who may have been aggrieved by the respondents’ conduct” (Meachum v Outdoor World Corp., 273 AD2d 209 [2000]).
On December 9, 2002, that the plaintiffs moved for leave to enter an order pursuant to CPLR 903. This statute provides: “The order permitting a class action shall describe the class. When appropriate the court may limit the class to those members who do not request exclusion from the class within a specified time after notice.”
The Supreme Court improperly denied the motion. The “order” referred to in CPLR 903 is the same one described in CPLR 902 which allows a class action to proceed. The entry of such an order should have occurred when the case was returned to the Supreme Court following this Court’s decision and order dated June 5, 2000, granting class certification. To reach the decision that the class should be certified, this Court was required to consider all the factors set out in CPLR 901 and 902 and conclude that the class described and the claims alleged satisfied the criteria for certification.
In its order pursuant to CPLR 903 describing the class, the Supreme Court shall use the following modified version of the *395 definition provided by the plaintiff in its amended complaint: “26. The Class is comprised of all persons who [claim to have been] lured into purchasing campground membership contracts from defendants based upon advertising, marketing and/or sales presentations within the State of New York, during the period commencing from the date of the applicable statute of limitations and terminating with entry of judgment herein.”
The Supreme Court should determine the applicable statute of limitations. This determination is consistent with our prior decision (see Colbert v Rank Am., 295 AD2d 302 [2002]), holding that no later events have occurred that would warrant decertifying the class.
In light of our determination, the Supreme Court’s order dated August 13, 2002, must be modified to deny the defendants’ motion for a protective order, and the matter remitted to the Supreme Court, Queens County, for proceedings relating to discovery consistent herewith. Goldstein, J.E, Adams, Townes and Mastro, JJ., concur.